Commonwealth of Pennsylvania *v.* Bernard et al. Appeal of Samuel Krinsky.

Argued October 5, 1928. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*William A. Gray,* for appellant.

*Lemuel B. Schofield,* Assistant District Attorney, and with him *Charles F. Kelley,* Assistant District Attorney, and *John Monaghan,* District Attorney, for appellee.

OPINION BY TREXLER, J., November 21, 1928:

The defendant is charged with having with others committed an outrageous assault upon the prosecutrix. The only question raised is, was the evidence adduced by the Commonwealth sufficient to sustain the conviction of the defendant? Without going into the revolting details, we will merely point out the testimony which we think was sufficient to connect him with the crime. The defendant invited the prosecutrix, a young Polish girl, nineteen years of age, to a party held in a vacant house. When the crime was committed, the room was in darkness and of course the prosecutrix could not testify as to any particular aggressor.

We quote: "How many of these men took you up?" A. Indicating all of them who are sitting here. The Court: "Did she say all that are sitting here?" (Interpreter) "All of them who are sitting here." "Do you mean by that the six young men who are sitting here, the six defendants?" A. "Yes sir." Subsequently she again testified that all of them took her up stairs. That although the room in which the crime was committed was dark, she "saw them, they came from the room where it was light." It is true that she afterwards said that she could not say that Krinsky assaulted her because it was dark, but she persisted that "all of them want to bother me." A witness who was present at the beginning of the party

testified that she heard Krinsky, the defendant, say, "We will get her, we'll get her drunk." Witness stated—when I was coming down stairs he passed a remark referring to me "Why didn't we line that broad up," referring to her.

It is immaterial that there is no proof of his actual commission of the crime. If he was a participant in the scheme to forcibly debauch the girl and aided and abetted the crime, he is equally guilty with the rest of the actors in the occurrence. The testimony of the prosecutrix was received through the aid of an interpreter and there are some of her answers which lack clearness and there are some contradictions. It was for the jury to conclude what she intended to say. There is sufficient testimony to sustain the verdict.

The assignments are overruled. The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.