Commonwealth *v.* Goldberg et al., Appellants.

Argued October 3, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Harry I. Glick,* for appellants.

*William H. Colvin,* Assistant District Attorney, with him *Artemas C. Leslie,* District Attorney, for appellee.

OPINION BY FINE, J., February 17, 1948:

Leonard Goldberg and Luther A. Myers, appellants, and George F. Hanks, Jr., were separately indicted for the crime of rape, tried jointly before a jury and found guilty. These appeals are from the order of the court below dismissing motions for new trials and the entry of judgment and sentences thereon. Goldberg contends that there was no evidence of penetration by him; both appellants urge that the testimony of the prosecutrix was "so evasive, so contradictory, and so unconvincing" that the trial judge erred in refusing to direct verdicts of not guilty and that the court below erred in dismissing their motions for new trials.

A detailed recital of the sordid events established by competent testimony is unnecessary. It is sufficient that the following essential facts are amply supported by the evidence. Prosecutrix, on June 8, 1945, attended a party at Dew Drop Inn near the City of McKeesport, arriving unescorted at approximately 10:00 p.m. About 1:45 a.m. she ordered a taxi-cab to take her to her home

in Glassport. She was standing alone in front of the Inn near the highway awaiting the arrival of the taxicab when, suddenly and without any warning, someone placed his hands over her mouth, grabbed her arms and forcibly threw her onto the floor of an awaiting car and covered her head with a blanket. After the car had driven a short distance the blanket was removed and she saw her captors, later identifying them as Hanks and appellants. Hanks was identified as the man who pushed prosecutrix into the car and held her as the car drove away while appellants occupied the front seat. As the car proceeded, despite her pleadings and efforts to resist, she was ravished by Hanks while Myers assisted by holding her left leg on the top of the front seat. The car proceeded beyond the Jacktown Hotel and was stopped in a secluded spot. Prosecutrix was forced out of the car by Hanks and ravished in turn by Goldberg and Myers. Thereafter, she was returned to the car and driven to another and more secluded place where further carnal knowledge, forcibly and against her will, was had in turn by Hanks and appellants. About 6:00 a.m. she was ejected from the car at Jack Payne's Tavern, located on Long Run Road, Eden Park Borough, in a hysterical and abused condition and made immediate outcry.

Goldberg relies upon isolated sentences of the prosecutrix's testimony to support his contention that there was no evidence of penetration by him.[1] The sentences have been removed from their context and the effect sought to be given thereto is not only misleading but also contrary to direct testimony of the prosecutrix. Her subsequent explanation was clear that on Goldberg's second attack she was referring to emission and not pene-

---

[1] The testimony relied upon reads: "Q. Now, just tell us in detail what happened there with Mr. Goldberg, where you were and what he did, if anything? . . . A. Well, when he got on top of me he tried to put his penis in my vagina and he couldn't very well, or something, and he tried and tried and he couldn't. He says, 'I'll get it later.'"

tration. There is also her direct and positive testimony that she was ravished by Goldberg prior and subsequent to that attack. Moreover, as stated in *Commonwealth v. Bernard,* 94 Pa. Superior Ct. 393, 395: "It is immaterial that there is no proof of his actual commission of the crime. If he was a participant in the scheme to forcibly debauch the girl and aided and abetted the crime, he is equally guilty with the rest of the actors in the occurrence."

A careful review of the entire record discloses the prosecutrix's testimony was not evasive, contradictory and unconvincing, as alleged by appellants. The charge of the trial judge was fair, complete and exhaustive and the verdicts against both Luther A. Myers and Leonard Goldberg are amply supported by credible evidence.

The assignments of error are overruled, the judgments of the court below are affirmed, and defendants are directed to appear in the court below at such time as they may be there called, and that they be by that court committed until they have complied with their sentences or any part of them that have not been performed at the time the appeal was made a supersedeas.